<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ――――――――――――――― | : | |
| RAHEEM M. HAYES, | : | |
| | : | Civil Action No. 10-1528 (NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| SGT. B. DECICCO, et al., | : | |
| | : | |
| Defendants. | : | |
| ――――――――――――――― | : | |

**APPEARANCES:**

Raheem M. Hayes, <u>Pro</u> <u>Se</u>
149872
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**HILLMAN**, District Judge

        Plaintiff, Raheem M. Hayes, currently confined at the Atlantic County Justice Facility, Mays Landing, New Jersey, has submitted this civil complaint which alleges violations of his constitutional rights, and seeks damages pursuant to 42 U.S.C. § 1983.  Plaintiff has not paid the filing fee, and seeks permission to proceed in <u>forma</u> <u>pauperis</u>.  Based on Plaintiff's affidavit of indigence, this Court will grant his request.

        At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who

is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2).
For the following reasons, the complaint will be dismissed.

<u>**BACKGROUND**</u>

Plaintiff seeks to sue three defendants, all employees of
the Atlantic County Justice Facility ("ACJF"): Sergeant B.
DeCicco; Officer Patrick Robinson; and Sergeant I. Quezergue.  He
claims that:

> On 3/11/10, at Atlantic County Justice Facility I
> Raheem Hayes was removed from (F. Left) location for my
> behavior.  I was immediately placed in I-Left location,
> Sgt. B. DeCicco pack[ed] my clothes and my legal work
> and never gave me my belongings my discovery and
> everything I need to go to trial with!

(Complaint, ¶ 4).  He also states that "they never gave me back
my discovery and legal matter pertaining to my case, now I do not
have the proper tools to fight my case that I'm being charged
with."  (Complt., ¶ 3B).

Plaintiff asks for $100,000 in damages.

<u>**DISCUSSION**</u>

**A.    <u>Standard of Review</u>**

The Prison Litigation Reform Act ("PLRA"), <u>Pub. L. No. 104-
134</u>, § § 801-810, 110 <u>Stat.</u> 1321-66 to 1321-77 (April 26, 1996),
requires a district court to review a complaint in a civil action
in which a prisoner is proceeding <u>in</u> <u>forma</u> <u>pauperis</u> or seeks
redress against a governmental employee or entity.  The Court is
required to identify cognizable claims and to <u>sua</u> <u>sponte</u> dismiss
any claim that is frivolous, malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to  sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

Recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

relief.  See Fed. R. Civ. P. 8(a)(2).[1]  Citing its recent

opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007),

for the proposition that "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting

Twombly, 550 U.S. at 555), the Supreme Court held that, to

prevent a summary dismissal, a civil complaint must now allege

"sufficient factual matter" to show that the claim is facially

plausible.  This then "allows the court to draw the reasonable

inference that the defendant is liable for the misconduct

alleged."  See id. at 1948.  The Supreme Court's ruling in Iqbal

emphasizes that a plaintiff must demonstrate that the allegations

of his complaint are plausible.  See id. at 1949-50; see also

Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578

F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his or her constitutional

rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed. R. Civ. P. 8(d).

> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.   **Plaintiff's Complaint Must Be Dismissed.**

    1.   Clothing Claim

    As to Plaintiff's claim that his clothing was taken and not returned, the Court construes this claim as one alleging deprivation of property without due process, in violation of the Fourteenth Amendment.

    An unauthorized deprivation of property by a government actor, whether intentional or negligent, does not constitute a violation of the procedural requirements of the Due Process Clause of the Fifth Amendment if a meaningful post-deprivation remedy for the loss is available. See Hudson v. Palmer, 468 U.S. 517, 530-36 (1984) (decided under Due Process Clause of Fourteenth Amendment); Parratt v. Taylor, 451 U.S. 527, 543-44

(1981) (same), <u>overruled in part on other grounds</u>, <u>Daniels v.
Williams</u>, 474 U.S. 327, 328 (1986).  The institutional grievance
procedure provides just such an adequate post-deprivation remedy,
even if Plaintiff's personal property was confiscated pursuant to
an established policy.  <u>See</u>, <u>e.g.</u>, <u>Barr v. Knauer</u>, 321 Fed. Appx.
101 (3d Cir. April 10, 2009) (approving post-deprivation
grievance remedy following confiscation of electric razor);
<u>Tillman v. Lebanon County Corr. Fac.</u>, 221 F.3d 410, 422 (3d Cir.
2000) (prison grievance procedure satisfies procedural due
process concerns where state must take quick action or where it
is impractical to provide meaningful predeprivation process).
The existence of the institutional post-deprivation grievance
remedy forecloses any due process claim, even if an inmate is
dissatisfied with the result of the process.  <u>See</u> <u>Iseley v. Horn</u>,
1996 WL 510090, at *6 (E.D. Pa. Sept. 3, 1996).  Moreover, New
Jersey provides a judicial post-deprivation remedy for
unauthorized deprivation of property by public employees.  <u>See</u>
<u>New Jersey Tort Claims Act</u>, N.J. Stat. Ann. §§ 59:1-1 <u>et seq.</u>
(2001).  Plaintiff has failed to state a claim for deprivation of
personal property without due process.  This claim will be
dismissed with prejudice.

    2.  <u>Legal Papers Claim</u>

    Plaintiff asserts that defendants confiscated legal
materials relating to his criminal case and did not return these

materials.  Construing this claim as one for denial of access to
courts, the Court notes that under the First and Fourteenth
Amendments, prisoners retain a right of access to the courts.
See Lewis v. Casey, 518 U.S. 343, 346 (1996); Monroe v. Beard,
536 F.3d 198, 205 (3d Cir. 2008).  "Where prisoners assert that
defendants' actions have inhibited their opportunity to present a
past legal claim, they must show (1) that they suffered an
'actual injury'-that they lost a chance to pursue a
'nonfrivolous' or 'arguable' underlying claim; and (2) that they
have no other 'remedy' that may be awarded as recompense' for the
lost claim other than in the present denial of access suit."
Monroe, 536 F.3d at 205 (quoting Christopher v. Harbury, 536 U.S.
403, 415 (2002)).  To establish standing, a prisoner's "complaint
must describe the underlying arguable claim well enough to show
that it is 'more than mere hope,' and it must describe the 'lost
remedy.'"  Monroe, 536 F.3d at 205-06 (quoting Harbury, 536 U.S.
at 416-17).

     The Monroe court affirmed the dismissal of inmates' access
to the courts claim for failure to state a claim that was based
on the confiscation of legal materials:

     [T]he defendants confiscated all of the plaintiffs' ...
     legal materials, including their legal briefs,
     transcripts, notes of testimony, exhibits, copies of
     reference books, treatises, journals, and personal
     handwritten notes.  In their initial pleadings, the
     plaintiffs' claim rested solely on the ground that the
     defendants confiscated their legal materials,
     contraband and non-contraband alike.  That claim, on

> its face, was insufficient to state a claim under
> <u>Harbury</u>.  So too were their subsequent amendments,
> which alleged that they lost the opportunity to pursue
> attacks of their convictions and civil rights claims
> but did not specify facts demonstrating that the claims
> were nonfrivolous.  Nor did they maintain that they had
> no other remedy to compensate them for their lost
> claims.  Even liberally construing their complaints as
> we must do for pro se litigants, they do not
> sufficiently allege that they have suffered actual
> injury.

<u>Monroe</u>, 536 F.3d at 206 (cites and footnote omitted).  The

complaint here suffers the same pleading deficiencies as the

complaints in <u>Monroe</u>.[2]  Plaintiff has not demonstrated an "actual

injury;" rather, he objects to the confiscation alone.

Furthermore, even assuming, <u>arguendo</u>, that Plaintiff was

able to establish the he suffered an actual injury, he would also

need to show that he did not have "meaningful" access to the

courts in order to establish a constitutional violation.  Prison

officials must provide inmates with the resources necessary to

present valid claims to the judiciary, or adequate alternatives.

See <u>Lewis v. Casey</u>, 518 U.S. 343, 349-55 (1996); <u>see</u> <u>also</u> <u>Bounds</u>

<u>v. Smith</u>, 430 U.S. 817, 825 (1977), <u>quoted in</u> <u>Lewis</u>, 518 U.S. at

351 (stating that prisoners do not enjoy an "abstract,

---

[2] To the extent that Plaintiff raises a due process claim
based on the confiscation of his legal materials, that claim is
also dismissed.  The <u>Monroe</u> court dismissed the inmates'
procedural due process claim on the grounds that pre-deprivation
notice is not constitutionally required and the prison grievance
procedure provided an adequate post-deprivation remedy for the
loss.  <u>See</u> <u>Monroe</u>, 536 F.3d at 210.

freestanding right to a law library or legal assistance"). Providing the inmate with court-appointed counsel satisfies the requirement of access to courts.  See Bounds, 430 U.S. at 828 (holding that providing an inmate with "adequate assistance from persons trained in the law" would satisfy the requirement of access to courts); United States v. Chatman, 584 F.2d 1358, 1360 (4th Cir. 1978) (stating that prisoners do not have the option to choose "the form which [legal] assistance will take").

In this case, Plaintiff has not pled that he was denied meaningful access to courts.  It is presumed that Plaintiff had the assistance of counsel at his criminal trial, thereby providing him with meaningful access to the courts.

Therefore, Plaintiff's claims must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Because Plaintiff may be able to correct these pleading deficiencies, the dismissal of Plaintiff's claims concerning access to courts and his legal papers will be without prejudice to the filing of an amended complaint within 30 days.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's claims will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2).

An appropriate order accompanies this opinion.


                     /s/ NOEL L. HILLMAN
                     NOEL L. HILLMAN
                     United States District Judge

At Camden, New Jersey

Dated: **NOVEMBER 30, 2010**